UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER DEEDY, | No. 18-16632 |
| Petitioner-Appellee, | D.C. No. 1:18-cv-00094-DKW-RLP |
| v. | District of Hawaii, Honolulu |
| RUSSELL A. SUZUKI et al., | |
| Respondents-Appellants. | ORDER |

Before:  GRABER, M. SMITH, and WATFORD, Circuit Judges.

The memorandum disposition filed on November 7, 2019, is amended by the majority memorandum disposition and by Judge Smith's partial dissent filed concurrently with this order.

With these amendments, the panel has voted to deny Appellee's petition for panel rehearing and rehearing en banc, Docket Entry No. 35, and to deny Appellants' petition for rehearing en banc, Docket Entry No. 36.

The full court has been advised of the petitions for rehearing en banc, and no judge of the court has requested a vote on them.

Appellee's petition for panel rehearing and rehearing en banc and Appellants' petition for rehearing en banc are DENIED.  No further petitions for panel rehearing or rehearing en banc may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER DEEDY,<br><br>    Petitioner-Appellee,<br><br>v.<br><br>RUSSELL A. SUZUKI et al.,<br><br>    Respondents-Appellants. | No. 18-16632<br><br>D.C. No.<br>1:18-cv-00094-DKW-RLP<br><br><br>AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted October 21, 2019
Honolulu, Hawaii

Before: GRABER, M. SMITH, and WATFORD, Circuit Judges.

Petitioner Christopher Deedy filed a 28 U.S.C. § 2241 habeas petition, seeking, on double jeopardy grounds, to prevent the State of Hawaii from retrying him on charges of manslaughter, first-degree assault, and second-degree assault. The district court granted his petition, holding that the trial court had acquitted Petitioner of all three charges at his first trial. The State timely appeals.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Reviewing de novo, Wilson v. Belleque, 554 F.3d 816, 828 (9th Cir. 2009), we affirm in part and reverse in part.

1. The Rooker-Feldman doctrine did not bar the district court from exercising jurisdiction over the § 2241 petition. We rejected this jurisdictional argument in Gouveia v. Espinda, 926 F.3d 1102, 1107–10 (9th Cir. 2019).

2. Petitioner did not forfeit his double jeopardy claim as to manslaughter. Before his second trial for second-degree murder began, Petitioner moved for the trial court not to instruct the jury on manslaughter, arguing that doing so would put him in double jeopardy for that offense. And Petitioner renewed that argument at the charge conference.

3. The Double Jeopardy Clause forbids the State from retrying Petitioner for manslaughter because he was acquitted of manslaughter at his first trial. An acquittal encompasses "any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense." Evans v. Michigan, 568 U.S. 313, 318 (2013). At the first trial, the trial court explicitly stated that there was no evidence in the record to support instructing the jury on manslaughter, and the court did not instruct the jury on manslaughter.

Although federal law determines whether a prosecution violates the Double Jeopardy Clause, the Supreme Court has looked to state law to determine whether a

2

state court's decision constituted an acquittal.  Id. at 320.  Hawaii law requires trial courts to instruct juries on any lesser-included offense that has "a rational basis in the evidence," regardless of whether "the prosecution requests, or the defense objects to, such an instruction."  State v. Adviento, 319 P.3d 1131, 1148 (Haw. 2014) (quoting State v. Haanio, 16 P.3d 246, 248 (Haw. 2001)).  Under Hawaii law, manslaughter is a lesser-included offense of second-degree murder.  Thus, by explicitly stating that there was no evidence to support a manslaughter instruction, and by refusing to instruct the jury on manslaughter, the trial court determined that the State's proof was insufficient to establish Petitioner's criminal liability for that offense.  It does not matter that the trial court did not label the ruling an "acquittal" or that the ruling might have been (according to the State) wrong.  See Evans, 568 U.S. at 318, 325 (stating that an acquittal precludes retrial "even if the acquittal is based upon an egregiously erroneous foundation" (internal quotation marks omitted)).

4.  Assuming, without deciding, that Petitioner did not forfeit his double jeopardy claims as to the two assault charges, the Double Jeopardy Clause does not forbid the State from retrying him.  At first glance, the trial court's decision not to instruct the jury on assault at the first trial appears to represent, under the Adviento rule, an implicit determination that the State's proof was insufficient to convict

3

Petitioner of either assault charge. But, during the charge conference at the second trial, the trial court explained that it was legally unclear at the time of the first trial whether assault was a lesser-included offense of second-degree murder under Hawaii law. The Hawaii Supreme Court answered that question affirmatively well after the first trial ended. State v. Kaeo, 323 P.3d 95, 96 (Haw. 2014).

Thus, we know that "the substance of [the] court's decision" was not a determination that the State failed to introduce sufficient evidence to convict Petitioner of the assault charges. Evans, 568 U.S. at 322. Accordingly, because there was a hung jury on the assault charges at the second trial, the State may retry Petitioner again for first- and second-degree assault.

5. In his petition for rehearing, Petitioner argues that the State abandoned its opportunity to retry the assaults or is estopped from doing so. The district court may consider those arguments on remand.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.** The parties shall bear their own costs on appeal.

*Deedy v. Suzuki*
No. 18-16632

M. SMITH, Circuit Judge, concurring in part and dissenting in part:

In my view, the abandonment theory advanced by Petitioner is indistinguishable from his double jeopardy claims and need not be considered on remand. In any case, even if we were to consider his argument separately, Petitioner cannot point to any "deliberate trial strategy" employed by the prosecution to prevent a jury from considering the assault charges. *United States v. Cavanaugh*, 948 F.2d 405, 417 (8th Cir. 1991). At the first trial, the assault charges were not discussed by any of the parties or the judge, and at the second trial, the jury was instructed on assault and could not reach a verdict. *See United States v. Richardson*, 468 U.S. 317, 318, 324–25 (1984).

Petitioner's collateral estoppel argument at the district court level only pertains to his reckless manslaughter charge, and because we have affirmed the district court's grant of the writ on that charge, there is nothing left for the district court to consider upon remand. Petition for Writ of Habeas Corpus at 23–26, *Deedy v. Suzuki*, 326 F.Supp.3d 1022 (D. Haw. Apr. 6, 2018) (No. 1:18-cv-00094-DKW-RLP).

Respectfully, I would reject Petitioner's abandonment and estoppel arguments, rather than allow them to be considered upon remand.